Hinman, J.
Several questions are raised upon the motion, but only one of them has been considered by the court, as our decision upon that has rendered the others unimportant to the decision of the case. It was one ground of defense to the suit, that the parties had submitted it and its subject matter to arbitration, and that a valid award had been made in favor of the defendant. To prove this, the defendant offered in evidence the written submission, together with the award of the arbitrator *258 thereon, in connection with parol evidence that this was the suit that was submitted to arbitration and on which the award was made, no other suit having been pending at the time between the parties. But the court rejected the evidence, on the ground that, in subscribing her name to the submission, the defendant bad not affixed to it any thing to designate her capacity of administratrix, in which capacity only was she a party to the suit. It appears to us that this decision under the circumstances was incorrect, and as there is no dispute as to the [ *316 ] facts, if *the evidence is admissible, a correction of this error will put an end to the suit. The language of the submission was, “ all matters of controversy between us subsisting, now in suit, we agree to submit,” &c., and it was signed by the parties. This suit was then pending between them, and no other, as was shown by the parol evidence. And why could not this be proved by parol, in order to apply the instrument to its proper subject matter ? It is agreed that if the body of the submission had described the defendant as administratrix, this would have been sufficient, without repeating the same thing by addition to- her signature. And so it was decided in the case of Dickey v. Sleeper, 13 Mass., 244, referred to by the plaintiff’s counsel. Now it appears to us that the body of this submission did, in effect, describe the defendant as administratrix, because it referred to a suit pending in which she was so described, which suit and its subject matter the parties agreed to submit. When there was enough in the submission to render it certain what matters of controversy they intended to submit to arbitration, their object was accomplished just as fully as if the process with -the officer’s return upon it had all been set out. No one can have any knowledge of the controversy without referring to the suit, and on referring to that it is at once seen that it is a controversy between the plaintiff and the defendant in her representative capacity. Unless then it, can be shown that a person sued as administrator can not properly be said to be a party to the suit, we do not see why the submission in this case was not well enough. The parol evidence was not offered for the purpose of altering or changing the terms of the written submission ; or even for the purpose of explaining an ambiguity contained in it, which may be done in some cases; but, as intimated, for the mere purpose of applying the instrument to its proper subject matter, which may always be done. And we see no more objection to it in this [ *317 ] *case than there is in proving by parol that a piece of land is the same that is described in a deed, because it answers to the description.
*259 For these reasons we advise the superior court to grant a new trial.
In this opinion the other judges concurred.
New trial advised.